The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and upon the briefs and argument of counsel. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of injury, Burlington Industries was self-insured and Crawford and Company was the administrator of their Workers' Compensation.
3. Plaintiff was an employee of defendant-employer, Burlington Industries at their Richmond Plant at the time of injury.
5. Plaintiff's average weekly wage was $353.00.
******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was sixty-one (61) years old and had a 10th grade education. Plaintiff's prior work history included various jobs in textile mills and some work as a security guard. Plaintiff had worked for Burlington Industries since April of 1988.
2. Plaintiff was an employee of defendant-employer and worked as a texturing pm technician on August 18, 1994 when he became no longer able to work due to an on the job injury that occurred on August 18, 1994 that resulted in the need for surgery to his back and a rating of 15% permanent partial impairment of the back.
3. On August 15, 1994 plaintiff was switched to a new job that required him to bend and twist more and to get into awkward positions to get disks off the textile machines. On August 18, 1994, while in such an awkward position and twisting, plaintiff felt a sharp pain in his back that went down his leg. He immediately reported it to his supervision and sought medical treatment that same day.
4. Plaintiff first complained of shoulder pain in January of 1994. Plaintiff told his supervisor that he had to leave work so he could see a doctor for pain in his shoulder.
5. Plaintiff treated with Dr. John Flannery in Rockingham, from January 11, 1994 through September 22, 1995 for pain in his shoulder, arm and back. Dr. Flannery treated plaintiff with pain medication and cortisone shots for the pain in his left shoulder.
6. Because of plaintiff's persistent shoulder pain, Dr. Flannery referred plaintiff to Dr. George Ferre, an orthopaedic surgeon in Hamlet on May 23, 1994. Dr. Ferre treated plaintiff from May 23, 1994 through September 22, 1995 for pain in his shoulder, arm and back.
7. On November 17, 1994, as a result of plaintiff's deteriorating condition relating to the August 18, 1994, on the job injury, Dr. Ferre ordered an MRI of plaintiff's cervical spine. The results of this MRI showed that plaintiff had two herniated cervical discs at C5-6 and C6-7. On March 28, 1995, Dr. Ferre operated on plaintiff's neck and performed an anterior cervical inner body fusion at C5-6 and C6-7.
8. Dr. Ferre rated the plaintiff at 15% permanent impairment of the back as a result of the two herniated cervical discs.
9. Dr. Flannery rendered an opinion, and the Full Commission finds as a fact, that plaintiff's 18 August 1994 work related injury led to his being unable to work from and after August 18, 1994.
10. The Full Commission finds from the greater weight of the evidence including the opinions of Dr. Ferre and Dr. Flannery that as a result of his compensable injury, plaintiff has been unable to work and earn wages in his former employment or any employment since his injury. Dr. Flannery stated that plaintiff would be unable to hold any type of job, and defendant has not presented evidence of any suitable jobs available to plaintiff that he could get.
11. The medical treatment provided to plaintiff from various doctors as a result of his compensable injury of 18 August 1994 were reasonably necessary to effect a cure, or provide relief and/or tended to lessen his disability.
12. Plaintiff is in need of future medical maintenance and treatment as a result of his compensable injury.
13. Although plaintiff's attorney approached this case as one of occupational disease, the evidence shows injury by accident within the course and scope of employment.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident within the course and scope of his employment when, on 18 August 1994, while in an awkward position and twisting while trying to remove a disk from a textile machine, plaintiff felt a sharp pain in his back that went down his leg. This sharp pain was caused by disk herniation at C5-6 and C6-7. N.C.G.S. § 97-2(6).
2. As a result of the injury, plaintiff has been completely and totally disabled from August 18, 1994 through the date of this order. N.C.G.S. § 97-29.
3. Plaintiff is entitled to workers' compensation benefits of $235.35 per week from 18 August 1994 until he is able to return to work at the same or higher pay. Id.
4. Plaintiff is entitled to have defendant provide all medical treatment arising from his work related injury including future medical maintenance and treatment to the extent such treatment tends to effect a cure, provide relief or lessen plaintiff's disability. N.C.G.S. § 97-25.
5. Dr. Flannery and Dr. Ferre are each entitled to a reasonable expert witness fee of $300.00.
6. Stacy L. Yoder and Henry T. Drake, Attorneys for plaintiff, rendered valuable services to the plaintiff and 25% of the amount awarded to the plaintiff shall be deducted and awarded to Stacy L. Yoder and Henry T. Drake as reasonable attorney's fee for their services.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee hereafter awarded, defendant shall pay to plaintiff workers' compensation benefits of $235.34 per week beginning 18 August 1994 and continuing until plaintiff is able to return to work at the same or higher wages. So much of this compensation as has accrued shall be paid in a lump sum (subject to the attorney fee and subject to 8% interest from the date of the hearing before the Deputy Commissioner). With respect to the lump sum, three-fourths thereof and all of the interest shall be paid to plaintiff and the remainder directly to his attorney. Three out of the four weekly payments after the lump sum shall be paid to plaintiff and the fourth shall be paid directly to his attorney.
2. Defendant-employer shall pay all medical expenses incurred or to be incurred in the future by plaintiff as a result of said compensable injury by accident when bills for same are submitted to defendant and approved through procedures promulgated by the Industrial Commission.
3. The costs are taxed to the defendant, including $300 each to Dr. Flannery and Dr. Ferre as reasonable expert witness fees.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________________ COY M. VANCE COMMISSIONER
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER